# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARCALOUNGER CORPORATION, et al.,[1] | ) | Case No. 10-_____ (___) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

## MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE USING THEIR PREPETITION BANK ACCOUNTS AND BUSINESS FORMS, (II) WAIVING THE REQUIREMENTS OF § 11 U.S.C. § 345(b) ON AN INTERIM BASIS WITH RESPECT TO THE DEBTORS' DEPOSIT PRACTICES, AND (III) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY CLAIMS

Barcalounger Corporation and American of Martinsville, Inc. (collectively, the "Debtors"), as debtors and debtors in possession in the above-captioned cases, hereby file their Motion for Entry of an Order (i) Authorizing the Debtors to Continue Using Their Prepetition Bank Accounts and Business Forms, (ii) Waiving the Requirements of 11 U.S.C. § 345(b) on an Interim Basis with Respect to the Debtors' Deposit Practices, and (iii) Granting Administrative Expense Status to Postpetition Intercompany Claims (the "Motion"). In support of this Motion, the Debtors have filed the Declaration of John W. Chapman in Support of Chapter 11 Petitions and First Day Pleadings (the "Chapman Declaration"). In further support hereof, the Debtors respectfully state:

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Barcalounger Corporation (9018); and American of Martinsville, Inc. (6836). The location of the Debtors' corporate headquarters and service address is: 128 East Church Street, Martinsville, Virginia 24112.

2. The statutory predicates for the relief requested herein are sections 105(a) and 345 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.
## BACKGROUND

3. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court") commencing the above-captioned chapter 11 cases. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the Chapman Declaration, filed concurrently herewith and fully incorporated by reference.[2]

4. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee or examiner has been appointed in these chapter 11 cases, and no committees have yet been appointed or designated.

## III.
## RELIEF REQUESTED

6. By this Motion, the Debtors seek entry of an order (a) authorizing the continued use of their existing bank accounts and business forms, (b) authorizing their deposit practices and waiving the requirements of section 345(b) of the Bankruptcy Code in connection therewith on

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Chapman Declaration.

an interim basis, and (c) granting administrative priority status to postpetition intercompany claims between and among the Debtors (to the extent there are any). In connection with this relief, the Debtors respectfully request a waiver of certain of the operating guidelines established by the Office of the U.S. Trustee for the District of Delaware that require the Debtors to close all prepetition bank accounts, open new accounts designated as debtor-in-possession accounts, and provide new business forms and stationery.

A. **The Debtors' Prepetition Bank Accounts.**

7. In the ordinary course of their businesses, the Debtors maintain a number of bank accounts, which are utilized to collect funds for their operations and to pay operating and administrative expenses in connection therewith. A list of these bank accounts is attached as Exhibit A hereto (the "Bank Accounts"). As illustrated in Exhibit A and as discussed in greater detail below, the Bank Accounts currently consist of 4 bank accounts maintained with Wells Fargo Bank, 3 bank accounts with RBC Bank, and 3 bank accounts with BB&T (collectively, the banks at which the Bank Accounts are maintained are the "Banks").

8. The Debtors request that none of the Banks that honors a prepetition check issued prior to the Petition Date or other item drawn on any of the Debtors' accounts that are the subject of this Motion (a) at the direction of the Debtors, (b) in a good faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as a result of an innocent mistake made despite implementation of reasonable item handling procedures, be deemed to be liable to the Debtors or to their estates on account of such prepetition check or other item being honored postpetition. The Debtors believe that such flexibility accorded the Banks is necessary in order to induce the Banks to continue providing banking services without additional credit exposure.

**B. Request for Authority to Maintain Existing Bank Accounts and Continue to Use Existing Check and Business Forms.**

9. The U.S. Trustee for Region 3, who administers bankruptcy cases filed in the District of Delaware, has issued certain chapter 11 operating guidelines pursuant to 28 U.S.C. § 586. These guidelines require that chapter 11 debtors, among other things: (a) close all existing bank accounts upon filing of their petitions and open new "debtor-in-possession" accounts in certain financial institutions designated as authorized depositories by the U.S. Trustee; (b) establish one debtor-in-possession account for all estate monies required for the payment of taxes; and (c) maintain a separate debtor-in-possession account for cash collateral.

**1. Request for Authority to Maintain Existing Bank Accounts.**

10. The Debtors seek a waiver of the U.S. Trustee requirement that their bank accounts be closed and that new postpetition bank accounts be opened. If enforced in these cases, such requirements would impose a burden upon the Debtors during the critical early stages of these cases as they would impair the Debtors' efforts, and the attention of their very limited staff, from successfully conducting an expedited sale of substantially all of the Debtors' assets. As described in detail above, the Debtors' bank accounts comprise an established system that the Debtors need to maintain in order to ensure: the smooth collection of receivables, the processing and receipt of the Debtors' expected debtor-in-possession funding and the administration of disbursements made in the ordinary course of the Debtors' business. Therefore, to avoid delays in paying obligations incurred postpetition, and to ensure an efficient sales process, the Debtors should be permitted to continue to maintain their existing Bank Accounts and, if necessary, to close existing accounts in the normal course of business operations. Otherwise, transferring the Debtors' Bank Accounts and/or opening new postpetition bank accounts will be disruptive, time consuming and expensive in the critical days leading up to the expected expedited sale of the Debtors' assets.

11. Accordingly, the Debtors request that this Court waive the strict enforcement of the requirement that the Debtors open new bank accounts. The Debtors further request that their Bank Accounts be deemed debtor-in-possession accounts and that the Debtors be authorized to maintain and continue using these accounts in the same manner and with the same account numbers, styles and document forms as those employed during the prepetition period.

12. In other chapter 11 cases, this Court has waived the strict enforcement of bank account closing requirements and replaced them with an alternative procedure that provides the same protection. See, e.g., In re Pliant Corp., No. 09-10443 (Bankr. D. Del. Feb. 12, 2009) (MFW); In re Smurfit Stone Container Corporation, No. 09-10235 (BLS) (Bankr. D. Del. Jan. 27, 2009); In re Merisant Worldwide, Inc., No. 09-10059 (PJW) (Bankr. D. Del. Jan. 13, 2009); In re Tribune Company, No. 08-13141 (KJC) (Bankr. D. Del. Dec. 10, 2008); and In re Hilex Poly Co., LLC, No. 08-10890 (Bankr. D. Del. May 7, 2008) (KJC).

13. Additionally, this Court has the authority to grant the requested relief pursuant to its equitable powers under section 105(a) of the Bankruptcy Code. Section 105(a) provides, in relevant part, that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a). The relief requested herein is both necessary and appropriate to allow the Debtors to maximize the value of their estates.

14. The Debtors represent that if the relief requested herein is granted, they will implement appropriate mechanisms to ensure that no payments will be made on any debts incurred by them prior to the Petition Date, other than those authorized by this Court. To prevent the possible inadvertent payment of prepetition claims, except those otherwise authorized by the Court, the Debtors will immediately advise the Banks not to honor checks issued prior to the Petition Date without further instruction from the Debtors that such checks are authorized for

payment. The Debtors will work closely with the Banks to ensure appropriate procedures are in place to prevent checks issued prepetition from being honored absent this Court's approval.

2. **Request for Authority to Continue to Use Existing Check and Business Forms.**

15. Local Rule 2015-2(a) provides that the Debtors may, with Court approval, continue to use their existing check and business forms without imprinting "DIP" or "Debtor-in Possession" thereon until such forms are depleted. In accordance with Local Rule 2015-2(a), the Debtors request that they be authorized to continue to use all correspondence, checks and business forms (including, but not limited to, letterhead, purchase orders, and invoices) existing immediately before the Petition Date without reference to the Debtors' status as debtors-in-possession. Parties doing business with the Debtors undoubtedly will be aware of the Debtors' status as debtors-in-possession as a result of the notice and publicity surrounding the cases. Additionally, the Debtors simply do not have any available funds or resources to devote to purchasing replacement checks and business forms. The Debtors truly only have the resources necessary to operate for the next weeks in anticipation of the sale of substantially all of its assets. The Debtors believe that it would be costly and manifestly disruptive to cease using all existing forms and to purchase and begin using new stationery, check and business forms. The Debtors respectfully submit that to do so would be unnecessary and that appropriate care can be taken to assure the proper use of the existing forms.

16. In other chapter 11 cases, this Court has allowed debtors to use their prepetition check and business forms without the "debtor-in-possession" label for varying periods following the Petition Date. See, e.g., In re Pliant Corp., No. 0910443 (MFW) (Bankr. D. Del. Feb. 12, 2009); In re Smurfit Stone Container Corporation, No. 09-10235 (BLS) (Bankr. D. Del. Jan. 27, 2009); In re Merisant Worldwide, Inc., No. 09-10059 (PJW) (Bankr. D. Del. Jan. 13, 2009); In re

Tribune Company, No. 08-13 141 (KJC) (Bankr. D. Del. Dec. 10, 2008); and In re Hilex Poly Co., LLC, No. 08-10890 (KJC) Bankr. D. Del. May 7, 2008.

17. The Debtors should therefore be authorized to use their existing check and business forms. To require the Debtors to revise all of their existing check and business forms would be unduly burdensome and costly, particularly when appropriate care can be taken to assure the proper usage of the existing forms and given the Debtors' intention to conduct a sale of substantially all of their assets within the next few weeks following the Petition Date.

C. **Request that the Court Waive the Deposit Requirements of 11 U.S.C. §345(b) on an Interim Basis.**

18. The Debtors request that the Court waive the requirements of section 345(b) of the Bankruptcy Code on an interim basis and permit them to maintain their deposits in their Bank Accounts in accordance with their existing deposit practices until such time as the Debtors obtain this Court's approval to deviate from the guidelines imposed under section 345(b) of the Bankruptcy Code on a final basis or as otherwise ordered by the Court.

19. Section 345(a) of the Bankruptcy Code authorizes deposits or investments of money of a bankruptcy estate, such as cash, in a manner that will "yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment." 11 U.S.C. § 345(a). For deposits or investments that are not "insured or guaranteed by the United States or by a department agent or instrumentality of the United States or backed by the full faith and credit of the United States," section 345(b) of the Bankruptcy Code provides that the estate must require from the entity with which the money is deposited or invested a bond in favor of the United States secured by the undertaking of an adequate corporate surety. 11 U.S.C. § 345(b).

20. A court may, however, relieve a debtor-in-possession of the restrictions imposed by section 345(b) for "cause." 11 U.S.C. § 345(b). Consistent with section 345(b) of the Bankruptcy Code, Local Rule 2015-2(b) provides that no waiver of "section 345 shall be granted

by the Court, without notice and an opportunity for hearing, in accordance with these Local Rules." Nevertheless, Local Rule 2015-2(b) further provides that "if a motion for such waiver is filed on the first day of a chapter 11 case in which there are more than 200 creditors, the Court may grant an interim waiver until a hearing on the Debtors' motion can be held." As this Motion is being filed on the first day of the Debtors' chapter 11 cases and the Debtors collectively have in excess of 200 creditors, the Debtors request that the Court enter an order waiving, on an interim basis, the requirements of Section 345(b) for forty-five (45) days, without prejudice to the Debtors' ability to seek a further interim or final waiver.

21. Given the relative security of, and internal controls over, the Bank Accounts, the Debtors submit that cause exists to grant an interim forty-five (45) day waiver of the requirements of section 345(b) of the Bankruptcy Code. This Court previously has granted similar relief on numerous occasions. See, e.g., In re Pliant Corp., No. 09-10443 (Bankr. D. Del. Feb. 12, 2009) (MFW); In re Smurfit Stone Container Corporation, No. 09-10235 (BLS) (Bankr. D. Del. Interim: Jan. 27, 2009); In re Merisant Worldwide, Inc., No. 09-10059 (PJW) (Bankr. D. Del. Jan. 13, 2009); and In re Tribune Company, No. 08-13 141 (KJC) (Bankr. D. Del. Dec. 10, 2008).

**D.  Request that the Court Allow Administrative Expense Status for Intercompany Transactions.**

22. In the normal course of their businesses, the Debtors engage in various intercompany transactions due to their interrelated cash administration system. As of the Petition Date, there are numerous intercompany claims (the "Intercompany Claims") that reflect intercompany receivables and payables made in the ordinary course between and among the

8

Debtors (the "Intercompany Transactions").[3] Such receivables and payables are generally generated for, among other things, purchases of materials and products required for normal operations, miscellaneous payments by one Debtor which represent obligations of the other Debtor (e.g. tax payments, payroll, utilities), and services provided by one Debtor to another Debtor.

23. The Debtors maintain records of all Intercompany Transactions and can ascertain, trace and account for all Intercompany Transactions between and among the Debtors. Further, to ensure that each individual Debtor will not fund, at the expense of its creditors, the operations of another entity, the Debtors respectfully request that, pursuant to sections 503(b)(1) and 364(b) of the Bankruptcy Code, all Intercompany Claims against a Debtor by another Debtor arising after the Petition Date as a result of Intercompany Transactions (to the extent there are any) be accorded administrative priority expense status. If all Intercompany Claims are accorded administrative priority expense status, each entity will continue to bear ultimate repayment responsibility for such ordinary course transactions. Administrative expense treatment for postpetition intercompany transactions, as requested herein, has been granted in other chapter 11 cases in this District. See, In re Pliant Corp., No. 09-10443 (Bankr. D. Del. Feb. 12, 2009) (MFW); In re Smurfit Stone Container Corporation, No. 09-10235 (BLS) (Bankr. D. Del. Interim: Jan. 27, 2009); In re Merisant Worldwide, Inc., No. 09-10059 (PJW) (Bankr. D. Del. Jan. 13, 2009); and In re Tribune Company, No. 08-13 141 (KJC) (Bankr. D. Del. Dec. 10, 2008).

---

[3] As the Debtors' operating structure does not include any non-Debtors, all Intercompany Transactions occur solely between the Debtors.

9

# IV.
# NOTICE

24. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the Internal Revenue Service; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Debtors' thirty largest unsecured creditors on a consolidated basis; (v) the Banks; (vi) counsel to the Debtors' prepetition and postpetition lender; and (vii) counsel to the Buyer. Notice of this Motion will be served in accordance with Local Bankruptcy Rule 9013-1(m). In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached as Exhibit B hereto, (i) authorizing the Debtors to continue using prepetition bank accounts and business forms, (ii) waiving the requirements of 11 U.S.C. § 345(b) on an interim basis, (iii) granting administrative expense status to postpetition intercompany claims by and between the Debtors (to the extent there are any such transfers), and (iv) granting such other and further relief as the Court may deem just and proper.

Dated: Wilmington, Delaware
   May 19, 2010

Respectfully submitted,

LOCKE LORD BISSELL & LIDDELL LLP
David W. Wirt (Pro Hac Vice Motion Pending)
Aaron C. Smith (Pro Hac Vice Motion Pending)
Courtney E. Barr (Pro Hac Vice Motion Pending)
111 S. Wacker Drive
Chicago, Illinois 60606-4410
Telephone: (312) 443-0700
Fax: (312) 443-0336

-and-

POLSINELLI SHUGHART PC

*/s/ Christopher A. Ward*
Christopher A. Ward (Del. Bar No. 3877)
Justin K. Edelson (Del. Bar No. 5002)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Fax: (302) 252-0921

PROPOSED COUNSEL FOR THE DEBTORS