UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Barcalounger Corporation, et al.,[1] ) | Case No. 10-11637 (BLS) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | Objection Deadline: June 14, 2010 at 4:00 p.m. |
| ) | Hearing Date: June 21, 2010 at 9:30 a.m. |
| ) | |

## APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF LOCKE LORD BISSELL & LIDDELL LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Barcalounger Corporation and American of Martinsville, Inc. (collectively, the "Debtors"), as debtors and debtors in possession in the above-captioned cases, hereby file their Application for Entry of an Order Authorizing Employment and Retention of Locke Lord Bissell & Liddell LLP As Attorneys For the Debtors *Nunc Pro Tunc* to the Petition Date (the "Application"). In support of this Application, the Debtors submit the Declaration of David W. Wirt, a partner of Locke Lord Bissell & Liddell LLP (the "Wirt Declaration"), a copy of which is attached hereto as Exhibit A, and the Declaration of John W. Chapman in Support of the Application, a copy of which is attached hereto as Exhibit B (the "Chapman Declaration"). In further support hereof, the Debtors respectfully state:

### I.
### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and this Application is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Barcalounger Corporation (9018); and American of Martinsville, Inc. (6836). The location of the Debtors' corporate headquarters and service address is: 128 East Church Street, Martinsville, Virginia 24112.

2. The statutory predicates for the relief requested herein are sections 327(a) and 329 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Rules 2014-1 and 2016-1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

## II.
## BACKGROUND

3. On May 19, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court") commencing the above-captioned chapter 11 cases. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the Declaration of John W. Chapman in Support of Chapter 11 Petitions and the First Day Pleadings filed on May 19, 2010 [Docket No. 3] (the "First Day Declaration").

4. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee or examiner has been appointed in these chapter 11 cases. On May 28, 2010, the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

## III.
## RELIEF REQUESTED

6. By this Application, the Debtors seek to employ and retain Locke Lord Bissell & Liddell LLP ("LLBL") *nunc pro tunc* to the Petition Date to represent the Debtors as their

bankruptcy and restructuring counsel in connection with their bankruptcy cases. Accordingly, the Debtors respectfully request entry of an order under sections 327(a) and 329 of the Bankruptcy Code, in substantially the form attached hereto as Exhibit C, authorizing the Debtors to employ and retain LLBL as their attorneys under a general retainer to perform the legal services that will be necessary during their chapter 11 cases, as stated herein and in the Engagement Agreement dated as of March 15, 2010 (the "Engagement Agreement") between LLBL and the Debtors (attached to the Wirt Declaration as Exhibit 1).

## IV.
## BASIS FOR RELIEF

7. Prior to the commencement of these chapter 11 cases, the Debtors sought the services of LLBL with respect to, among other things, advice regarding restructuring matters in general and preparation for the Debtors' chapter 11 cases. In this regard, LLBL has performed extensive legal work for the Debtors in connection with the Debtors' ongoing restructuring efforts including, but not limited to, issues concerning their financing and outstanding debt. As a result of representing the Debtors on such matters, LLBL has acquired extensive knowledge of the Debtors and their businesses and is familiar with the Debtors' capital structure, corporate structure, financing documents and other material agreements.

8. The Debtors believe that continued representation by LLBL is critical to the Debtors' efforts to effect a sale of the Debtors' assets because LLBL is extremely familiar with the Debtors' businesses and legal and financial affairs and, accordingly, is well suited to guide the Debtors through the chapter 11 process. Furthermore, LLBL has vast experience and knowledge in the field of debtors' and creditors' rights under chapter 11 of the Bankruptcy Code.

9. The Debtors desire to employ LLBL under a general retainer because of the extensive legal services that will be required in connection with the businesses of the Debtors

and their affiliates. As noted above, the Debtors believe LLBL is well qualified and uniquely able to act on the Debtors' behalf.

## V.
## SERVICES TO BE RENDERED

10. The services of attorneys under a general retainer are necessary to enable the Debtors to execute faithfully their duties as debtors in possession. Subject to further order of this Court, LLBL requests authority to render various services to the Debtors including, among others, the following:

   (a) advising the Debtors with respect to their powers and duties as debtors and debtors in possession in the continued management and operation of their business and properties;

   (b) advising and consulting on the conduct of the Debtors' bankruptcy cases, including all of the legal and administrative requirements of operating in chapter 11;

   (c) attending meetings and negotiating with representatives of creditors, Debtors' employees and other parties in interest;

   (d) advising the Debtors in connection with any contemplated sales of assets or business combinations, including the negotiation of asset, stock purchase, merger or joint venture agreements, formulating and implementing bidding procedures, evaluating competing offers, drafting appropriate corporate documents with respect to the proposed sales, and counseling the Debtors in connection with the closing of such sales;

   (e) advising the Debtors in connection with postpetition financing and cash collateral arrangements and negotiating and drafting documents relating thereto, providing advice and counsel with respect to prepetition financing arrangements, and providing advice to the Debtors in connection with the emergence financing and capital structure, and negotiating and drafting documents relating thereto;

   (f) advising the Debtors on matters relating to the evaluation of the assumption, rejection or assignment of unexpired leases and executory contracts;

   (g) providing advice to the Debtors with respect to legal issues arising in or relating to the Debtors' ordinary course of business including attendance at senior management meetings, meetings with the Debtors' financial and turnaround advisors and meetings of the board of directors, and advice on employee, workers' compensation, employee benefits, executive compensation, tax,

environmental, banking, insurance, securities, corporate, business operation, contracts, joint ventures, real property and press/public affairs and regulatory matters;

(h) taking necessary action to protect and preserve the Debtors' estates, including the prosecution of actions and proceedings on their behalf, the defense of any actions and proceedings commenced against those estates, negotiations concerning all litigation in which the Debtors may be involved and objections to claims filed against the Debtors' estates;

(i) preparing on behalf of the Debtors motions, applications, answers, orders, reports and papers necessary to the administration of the Debtors' estates;

(j) negotiating and preparing on the Debtors' behalf plan(s) of reorganization or liquidation, disclosure statement(s) and all related agreements and/or documents and taking any necessary action on behalf of the Debtors to obtain confirmation of such plan(s);

(k) attending meetings with third parties and participating in negotiations with respect to the above matters;

(l) appearing before this Court, other courts, and the Office of the United States Trustee;

(m) meeting and coordinating with other counsel and other professionals retained on behalf of the Debtors and approved by this Court; and

(n) performing all other necessary legal services and providing all other necessary legal advice to the Debtors in connection with these chapter 11 cases.

11. It is necessary and essential that the Debtors, as debtors in possession, employ attorneys under a general retainer to render the foregoing professional services. LLBL has indicated a willingness to act on behalf of, and render such services to, the Debtors.

## VI.
## DISINTERESTEDNESS OF LLBL

12. To the best of the Debtors' knowledge, and except as otherwise set forth herein and in the accompanying Wirt Declaration, the partners, associates, and employees of LLBL (a) do not have any connection with any of the Debtors, their affiliates, their creditors or any other party in interest, or their respective attorneys and accountants, the United States Trustee for the District of Delaware or any person employed in the office of the same, or any judge in the

Bankruptcy Court or the United States District Court for the District of Delaware or any person employed in the offices of the same; (b) are "disinterested persons," as that term is defined in Bankruptcy Code section 101(14); and (c) do not hold or represent any interest adverse to the estates.

13. To the best of the Debtors' knowledge and except as set forth in the Wirt Declaration:

- (a) Neither LLBL nor any attorney at LLBL holds or represents an interest adverse to the Debtors' estates.

- (b) Neither LLBL nor any attorney at LLBL is or was a creditor or an insider of the Debtors, except that LLBL previously has rendered legal services to the Debtors for which it has been compensated as disclosed below.

- (c) Neither LLBL nor any attorney at LLBL is or was, within two years before the Petition Date, a director, officer, or employee of the Debtors.

- (d) LLBL does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.

- (e) No attorney at LLBL is related to any U.S. District Judge or U.S. Bankruptcy Judge for the District of Delaware or to the U.S. Trustee for such district or to any known employee in the office thereof.

14. In view of the foregoing, the Debtors believe that LLBL is a "disinterested person" within the meaning of Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b).

15. LLBL has informed the Debtors that throughout these cases, LLBL will continue to conduct periodic conflicts analyses to determine whether it is performing or has performed services for any significant parties in interest in these cases and that it will promptly update this Application and disclose any material developments regarding the Debtors or any other pertinent relationships that come to LLBL's attention by way of a supplemental Declaration.

# VII.
# PROFESSIONAL COMPENSATION

16. LLBL intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and the Local Bankruptcy Rules, and any orders issued by the Court in these cases related to the payment of professional fees. The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules, propose to pay LLBL its customary hourly rates in effect from time to time as set forth in the Wirt Declaration and the Engagement Agreement. The Debtors submit that these rates are reasonable and are set at a level designed to compensate LLBL fairly for the work of its attorneys and paralegals and to cover the fixed and routine overhead expenses. Consistent with LLBL's policy with respect to its other clients, LLBL will continue to charge the Debtors for all other services provided and for other charges and disbursements incurred in the rendition of services. These charges and disbursement include, among others, costs of telephone charges, photocopying, travel, business meals (but no overtime meals), computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.

17. Prior to the Petition Date, the Debtors paid LLBL an aggregate retainer amount of $180,000 (the "Retainer") in connection with and in contemplation of, among other things, the Debtors' chapter 11 filings. The Retainer includes an initial retainer payment to LLBL of $25,000 each from Barcalounger Corporation and American of Martinsville, Inc. on March 18, 2010, and supplemental replenishments of the retainer of (a) $15,000 each from Barcalounger Corporation and American of Martinsville, Inc. on April 13, 2010; and (b) $100,000 from American of Martinsville on April 16, 2010. The Debtors assert that these types of retainer agreements reflect normal business terms in the marketplace. See, e.g., In re Insilco

Technologies, Inc., 291 B.R. 628, 634 (Bankr. D. Del. 2003) ("the practice [of receiving security retainers] in this district has been engaged in since at least the early 1990's").

18. Other than as set forth above and in the Wirt Declaration, no arrangement is proposed between the Debtors and LLBL for compensation to be paid in these cases and no agreement or understanding exists between LLBL and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

19. The Debtors submit that the engagement and retention of LLBL on the terms and conditions set forth herein and in the Engagement Agreement is necessary and in the best interests of the Debtors, their estates, and their creditors and should be approved.

## VIII.
## NOTICE

20. Notice of this Application has been provided to: (i) the Office of the United States Trustee; (ii) the Internal Revenue Service; (iii) the Office of the United States Attorney for the District of Delaware; (iv) counsel to the Committee; (v) counsel to the Debtors' prepetition and postpetition lender; and (vi) counsel to the Buyer. In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

## IX.
## NO PRIOR REQUEST

21. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court: (i) enter an order in substantially the same form as that attached as <u>Exhibit C</u>, granting the relief requested herein; and (ii) provide such other relief as the Court deems appropriate and just.

Dated: Wilmington, Delaware
       May 28, 2010

Barcalounger Corporation
American of Martinsville, Inc.

/s/ *John W. Chapman*
Name: John W. Chapman
Title: Chief Restructuring Officer of the Debtors