ORIGINAL

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARCALOUNGER CORPORATION, et al.,[1] | ) | Case No. 10-11637 (BLS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | RE: Docket No. 5 |

## ORDER (A) APPROVING BID PROCEDURES AND EXPENSE REIMBURSEMENT; AND (B) APPROVING THE FORM AND MANNER OF NOTICES THEREOF

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors") for the entry of an order (the "Order") (a) approving Bid Procedures and Bid Protections, and (b) approving the form and manner of notices thereof; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor:

**THE COURT HEREBY FINDS THAT:**[3]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Barcalounger Corporation (9018); and American of Martinsville, Inc. (6836). The location of the Debtors' corporate headquarters and service address is: 128 East Church Street, Martinsville, Virginia 24112.
[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.
[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

CHI1 1677161v.4

A. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The statutory bases for the relief requested in the Motion are (i) sections 105, 363, 503 and 507 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"); (ii) Rules 2002(a)(2), 6004, 6006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and (iii) Rules 6004-1 and 9013-1(m) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

C. Notice of the Motion, has been given to: (i) the Office of the United States Trustee, (ii) the Internal Revenue Service; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Debtors' thirty largest unsecured creditors on a consolidated basis; (v) counsel to the Debtors' prepetition and postpetition lender; (vi) counsel to the Buyer; and (vii) all entities who are known to possess or assert a claim against the Debtors.

D. The Debtors have articulated good and sufficient reasons for this Court to: (i) approve the Bid Procedures; (ii) set the Sale Hearing and approve the manner of notice of the Motion and the Sale Hearing; (iii) approve the procedures for the assumption and assignment of Assigned Contracts, including notice of proposed cure amounts; and (iv) grant certain bid protections as provided in the Stalking Horse Agreement and in this Order.

E. The Expense Reimbursement shall be paid in accordance with the Stalking Horse Agreement, and (i) if triggered, shall be deemed an actual and necessary cost and expense of preserving the Debtors' estates, within the meaning of sections 503 and 507(b) of the Bankruptcy Code, (ii) is of substantial benefit to the Debtors' estates, (iii) is reasonable and appropriate, including in light of the size and nature of the Transaction and the efforts that have been or will be

expended by the Buyer notwithstanding that the proposed Transaction is subject to higher and better offers for the Acquired Assets, (iv) was negotiated by the parties at arms'-length and in good faith, and (v) is necessary to ensure that the Buyer will continue to pursue its proposed acquisition of the Acquired Assets.

F. The Bid Procedures are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtors' estates.

**ORDERED THAT:**

1. The Motion is granted as provided herein.

2. The Bid Procedures, in the form attached to the this Order as <u>Exhibit A</u>, are hereby approved. The Debtors are authorized to take any and all actions necessary to implement the Bid Procedures.

3. The Debtors' obligation to pay the Expense Reimbursement shall survive termination of the Stalking Horse Agreement. If the Buyer attends the Auction with its Bid in place, and the Buyer is outbid, and the successful Bidder is a party other than the Buyer, the Buyer shall, without further court order, be entitled to receive reimbursement of the reasonable, actual, out-of-pocket costs and expenses paid or incurred by Buyer directly incident to, under, or in connection with the negotiation, execution and performance under the Stalking Horse Agreement and the transactions contemplated thereunder (including travel expenses and reasonable fees and disbursements of counsel, accountants and financial advisors, excluding any charges for the time or services of Buyer's employees) in an amount not to exceed $20,000 in the aggregate. The Expense Reimbursement shall be paid immediately upon consummation of the sale transaction out of the proceeds of the sale and shall have priority as an administrative expense in the Debtors' cases under sections 503(b)(6) and 507(a) of the Bankruptcy Code. If *In order to be paid at Closing, Buyer must submit supporting documentation related to the Expense Reimbursement at least forty-eight hours prior to Closing.*

the Buyer and the Debtors or the Committee are unable to agree on the amount of the Expense Reimbursement, such amount shall be paid only upon a final determination by the Bankruptcy Court of the amount of the Expense Reimbursement.

4. All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled.

5. The Debtors ~~shall~~ may, upon consult with the Committee, publish the notice attached to the Motion as <u>Exhibit C</u> (the "<u>Bid Procedures Notice</u>") once in *USA Today* within five business days after entry of this Order.

6. As further described in the Bid Procedures, if more than one Qualified Bid is received by the Bid Deadline (other than the Stalking Horse Agreement), the Debtors will conduct the Auction at 10:00 a.m. (prevailing Eastern time) on August 16, 2010, at the offices of Debtors' Delaware counsel, Polsinelli Shughart PC, 222 Delaware Avenue, Suite 1101, Wilmington DE 19801 or such later time on such day or other place as the Debtors shall notify all Qualified Bidders who have submitted Qualified Bids, if a Qualified Bid is timely received. In the Debtors' sole discretion, the Auction may be transcribed or videotaped.

7. By June ~~10~~ 16, 2010, the Debtors shall send a notice to each counterparty to an executory contract or unexpired lease setting forth the Debtors' calculation of the cure amount, if any, that would be owing to such counterparty if the Debtors decided to assume or assume and assign such executory contract or unexpired lease, and alerting such nondebtor party that their contract may be assumed and assigned to the Successful Bidder (the "<u>Cure and Possible Assumption and Assignment Notice</u>"). Any counterparty that objects to the cure amount set forth in the Cure and Possible Assumption and Assignment Notice or the possible assignment of their executory contract or unexpired lease must file an objection (a "<u>Cure or Assignment Objection</u>")

4

CHI1 1677161v.4

on or before 4:00 p.m. prevailing Eastern Time on August 11, 2010, which Cure or Assignment Objection must be served on counsel for the Debtors, Locke Lord Bissell & Liddell, LLP, 111 S. Wacker Drive, Chicago, IL 60606, Attn.: David W. Wirt and Aaron C. Smith, and Polsinelli Shughart PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801, Attn Christopher A. Ward, and counsel for the Committee, Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, NJ 07068, Attn: Bruce Buechler, so that it is actually received no later than 4:00 p.m. prevailing Eastern time on August 11, 2010. If a counterparty does not timely file and serve a Cure or Assignment Objection, that party will be forever barred from objecting to (a) the Debtors' proposed cure amount, or (b) the assignment of that party's executory contract or unexpired lease to the Successful Bidder. Where a counterparty to an Assigned Contract files a timely Cure or Assignment Objection asserting a higher cure amount than the amount listed in the Cure and Possible Assumption and Assignment Notice, or objecting to the possible assignment of that counterparty's executory contract or unexpired lease, and the parties are unable to consensually resolve the dispute, the amount to be paid under section 365 of the Bankruptcy Code (if any) or, as the case may be, the Debtors' ability to assign the executory contract or unexpired lease to the Successful Bidder will be determined at the Sale Hearing.

8. The Sale Hearing will be conducted on August 18, 2010. The Debtors will seek entry of an order of the Court at the Sale Hearing approving and authorizing the sale of the Acquired Assets to the Buyer or, as the case may be, the Successful Bidder. The Sale Hearing may be continued from time to time without further notice other than such announcement announced in open court or a notice of adjournment filed with the Court and served on the Notice Parties.

9. Objections, if any, to the relief requested in the Motion relating to the Transaction (except for any objection that arises at the Auction) must: (a) be in writing and filed with the Court no later than 4:00 p.m. (prevailing Eastern time) on August 11, 2010; and (b) be served so that it is actually received by counsel for the Debtors, Locke Lord Bissell & Liddell, LLP, 111 S. Wacker Drive, Chicago, IL 606061, Attn.: David W. Wirt and Aaron C. Smith, and Polsinelli Shughart PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801, Attn Christopher A. Ward, and counsel for the Committee, Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, NJ 07068, Attn: Bruce Buechler, no later than 4:00 p.m. (prevailing Eastern time) on August 11, 2010.

10. To the extent that any chapter 11 plan confirmed in these cases or any order confirming any such plan or any other order in these cases (including any order entered after any conversion of these cases to cases under chapter 7 of the Bankruptcy Code) alters, conflicts with or derogates from the provisions of this Order, the provisions of this Order shall control. The Debtors' obligations under this Order, the provision of the Order and the Bid Procedures shall survive confirmation of any plan of reorganization or discharge of claims thereunder and shall be binding upon the Debtors, and the reorganized or reconstituted debtors, as the case may, after the effective date of a confirmed plan or plans in the Debtors' cases.

11. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: ___June 7___, 2010

_____
United States Bankruptcy Judge

CHI1 1677161v.4